UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
THOMAS GESUALDI, et al.,

                Plaintiffs,

    -against-
                                                      MEMORANDUM
QUADROZZI EQUIPMENT LEASING CORP.,           & ORDER
et al.,                                                             15-CV-3407 (AMD)

                Defendants.

------------------------------------------------------------ x

GOLD, S., *U.S. MAGISTRATE JUDGE:*

      Defendants have submitted letters dated December 16, 2015 seeking to have this action (the "15-3407 action") designated as related to an earlier filed case, 11-cv-115 (RJD)(VMS) (the "11-115 action"), and reassigned accordingly. Docket Entries 40, 41. Plaintiffs oppose relating the two cases. Docket Entry 42.

      Cases are properly related "when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Guideline for Division of Business 50.3.1(a). Cases are not automatically deemed related merely because they involve the same legal issues or parties. Guideline 50.3.1(b).

      Although both cases involve the question of whether Quadrozzi Equipment Leasing Corp. and Amstel Recycling and Concrete Corp. are a single employer or alter egos, the 15-3407 action raises that question with respect to a large number of entities that are not in any way involved in the 11-115 action. Moreover, the 15-3407 case involves, among other things, contributions that came due as recently as 2010 and 2011 and were, allegedly, either paid late or

remain unpaid, as well as withdrawal liability that allegedly became due in 2013.  Compl. in 15-3407, ¶¶ 76-77, 88, 97-99.  The 11-115 action , in contrast, is concerned with audits pertaining to the period from January 1, 2004 through August 31, 2007, Compl. in 11-cv-115, ¶ 38.  Finally, the procedural postures of the case are very different.  A default judgment was entered in the 11-115 action in 2012.  Docket Entry 24.  After an appeal, the case was recently remanded for further consideration of whether entry of a default judgment is warranted.  Docket Entry 52.  In 15-3407, discovery is underway and scheduled to be completed by February 19, 2016.  Docket Entry 39 in 15-3407.

      For all these reasons, I conclude that relation would not lead to a substantial saving of judicial resources.  Accordingly, defendants' application to have the 15-3407 action be designated as related to the 11-115 action is denied, and the schedule set and rulings made in the 15-3407 action on December 2, 2015 (see Docket Entry 39) remain in force and effect.

                          **SO ORDERED.**

                          /s/
                        STEVEN M. GOLD
                        United States Magistrate Judge

Brooklyn, New York
December 18, 2015

U:\gesualdi 121815.docx